No. 617

DEVILLE v. SCUDDER

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1539. Decided Dec. 22, 1926.

**1103-C. STATE MEDICAL BOARD**—Not necessary for applicant for license under 1274-2 GC., to have devoted his time exclusively to practice of profession. Sufficient if he has devoted substantial portion of time and received for treatment, reasonable number of patients.

State Medical Board affirmed by Common Pleas and reversed by Court of Appeals.

**First Publication of this Opinion**

BY THE COURT

DeVille made application before the State Medical Board, for a license to practice naturapathy under 1274-8 GC., which section is as follows:

"Any person, practicing in Ohio who at the time of the passage of this act shall actually be engaged in this state for a period of five years continuously prior to October 1, 1915, in the practice of any one or more of the limited branches of medicine or surgery hereinbefore enumerated, and who shall present to and file with the state medical board an affidavit to that effect after the passage of this act (GC. 1274-1 to 1274-7) shall be exempted from the examination and shall be entitled to receive from said board a license to practice, upon the payment to said board of a fee of twenty-five dollars."

The application was rejected by the State Medical Board, and was appealed to the Court of Common Pleas where the application was again rejected. Applicant now prosecutes error in this Court.

This is the first case which this Court has considered where an appeal was taken to the Court of Common Pleas.

DeVille opened an office in Columbus not later than July 27, 1910. At this time he enlisted in the hospital corps of the army and was located at Fort Hayes. His hours at the hospital were from seven to nine in the morning and from two to three in the afternoon, leaving him office hours from ten to eleven in the morning, and from four until six in the afternoon, and from seven to eight in the evening. He had an average of twelve patients per week. After he left the hospital corps, he took employment in certain drug stores, at different periods of time, working either forenoon or afternoon, leaving the unemployed portion of his time for practice at his office. Substantially and practically all this time he kept certain hours for the office work of his profession and in the latter portion of the five-year period, he had an average of about twenty patients per week.

We think it is not absolutely necessary, in order to comply with this provision of the statute, that a practitioner should devote his time exclusively to the practice of his profession. It is sufficient, in our judgment, if he devotes a substantial portion of his time continuously, during the period mentioned, receiving, for treatment, a reasonable number of patients.

We think that the evidence is sufficient to justify the finding that DeVille had been in actual and continual practice of the limited branch of medicine referred to for a period of more than five years prior to October 1, 1915.

Judgment reversed.

(Allread, Ferneding and Kunkle, JJ., concur).

Attorneys—Wm. H. Jones, C. M. Addison, and M. L. Bigger for DeVille, C. C. Crabbe, Atty. Gen., H. G. Mills for Scudder; all of Columbus.